UNITED STATES BANKRUPTCY COURT
For the Northern District of Illinois
Eastern Division

| | | |
|---|---|---|
| IN RE: Ralph Molinary | ) | In a Chapter 13 proceeding |
| | ) | |
| Debtors | ) | Docket No. 11 B 47331 |
| | ) | |
| Ralph Molinary, | ) | |
| | ) | Adversary No. 12-00318 |
| Plaintiff, | ) | |
| v. | ) | Judge Jack B. Schmetterer |
| Aurora Loan Services, Inc., | ) | |
| | ) | Trustee Thomas Vaughn |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

I. **FINDINGS OF FACT**

A. **The Parties**

1. The Plaintiff is Ralph Molinary ("Plaintiff").

2. The Defendant is Aurora Loan Services, Inc. ("Defendant")

B. **Factual Background**

1. On or about That November 22, 2011, Plaintiff filed a voluntary petition pursuant to Chapter 13 of Title 11, United States Code;

2. Plaintiff owns real estate commonly known as 3930 North Pine Grove Avenue, Unit 715, Chicago, IL 60613-5503.

3. That Aurora Loan Services, LLC. holds a first mortgage lien on the real property commonly known as 3930 North Pine Grove Avenue, Unit 715, Chicago, IL 60613-5503, with a secured claim of $230,305.94 pursuant to the proof of claim filed on January 30, 2012.

4. The Defendant holds a second mortgage lien on the real property known as 3930 North Pine Grove Avenue, Unit 715, Chicago, IL 60613-5503 in the approximate amount of $61,592.40 pursuant to the proof of claim filed on February 6, 2012.

5. On December 9, 2011, Plaintiff obtained a property appraisal from The Wilcox Company, which indicates the value of 3930 North Pine Grove Avenue, Unit 715, Chicago, IL 60613-5503 to be $165,000.00.

6. The modified Chapter 13 Plan filed on March 10, 2012, provides that the Plaintiff will make monthly payments of $4,305.00 per month for 59 months.

7. That under the Chapter 13 Plan, general unsecured creditors will be paid 10.48% of their allowed claims.

8. On February 25th, 2012, Plaintiff filed a complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 3930 North Pine Grove Avenue, Unit 715, Chicago, IL 60613-5503.

9. That on February 25th, 2012, Plaintiff issued a summons which was served in accordant with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by certified mail, postage prepaid to an officer of the Defendant at 10350 Park Meadows Drive, Littleton, Colorado 80124, and via first class mail upon the registered agent at 801 Adlai Stevenson Drive, Springfield, Illinois 62703, and upon counsel listed in Defendant's proof of claim as the address where notices are to be sent, 1 North Dearborn, Chicago, IL 60602.

10. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been present to challenge the property value of $165,000.00.

13. The first secured claim of Aurora Loan Services, LLC, in the amount of $230,305.94 exhausts the value and equity in Plaintiff's residence.

14. There is no value and equity to support the claim of the Defendant.

II.   **CONCLUSIONS OF LAW**

   A. **Jurisdiction**

1. This contested Matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B. Argument**

1. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

2. The Debtor schedules the first secured claim of Aurora Loan Services, LLC in the amount of $230,305.94 and the second secured claim of Aurora Loan Services, Inc. in the amount of $61,592.40.

3. That the value of Plaintiff's residence is $165,000.00.

4. "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." 11 U.S.C. § 506(d). If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. 11 U.S.C. § 349(b)(1)(c).

5. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. § 506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 344 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); IN re Lane, 280 F.3d 662 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357, (11th Cir. 2000).

DATE: 5/29/12

ENTER: _____
JUDGE

MAY 29 2012

Liou Law Firm
900 West Washington Blvd.
Chicago, IL 60607
A.R.D.C. 06229724
(312) 474-7000